## Solicitation by American War Mothers

WOODWARD, Deputy Attorney General, May 26, 1949.—The Department of Justice is in receipt of your request to be advised whether the American War Mothers is a war veterans' organization, and accordingly, exempt from compliance with the provisions of the Solicitation Act.

The act referred to is the Act of May 13, 1925, P. L. 644, as amended, 10 PS §141 et seq., usually referred to as the Solicitation Act, the title of which is as follows:

"An act relating to and regulating the solicitation of moneys and property for charitable, religious, benevolent, humane, and patriotic purposes."

Section 1 of the Solicitation Act, as amended, supra, provides as follows:

"Thirty days after the approval of this act it shall be unlawful for any person, copartnership, association, or corporation, except in accordance with the provisions of this act, to appeal to the public for donations or subscriptions in money or in other property, or to sell or offer for sale to the public any thing or object whatever to raise money, or to secure or attempt to secure money or donations or other property by promoting any public bazaar, sale, entertainment, or exhibition, or by any similar means for any charitable, benevolent, or patriotic purpose, or for the purpose of ministering to the material or spiritual needs of human beings, either in the United States or elsewhere, or of relieving suffering of animals, or of inculcating patriotism, unless the appeal is authorized by and the money or other property is to be given to a corporation, copartnership, or association holding a valid certificate of registration from the Department of Welfare, issued as herein provided."

Subsequent sections of the act regulate the applications for, and the issuance of, such certificates, and prescribe the conditions under which such appeals for funds, etc., may be made.

Under the provisions of section 11 of the Solicitation Act, as amended, supra, 10 PS §151, certain organizations and purposes are exempt as follows:

"This act shall not apply to fraternal organizations incorporated under the laws of the Commonwealth, religious organizations, raising funds for religious purposes, colleges, schools, universities, or associations of alumni or alumnae thereof, raising funds for fellowships or scholarships, federated women's clubs, labor unions, municipalities, or subdivisions thereof, nor to charitable institutions or agencies required by the provisions of existing law to file reports with the Department of Welfare or with any other department or office of the Commonwealth, nor to *any war veterans' organization* or any subordinate units thereof, whenever the purpose for which it is soliciting funds has been approved by the Department of Military Affairs." (Italics supplied.)

The precise question presented by your request for advice is whether or not the American War Mothers is a veterans' organization, within the meaning of section 11 of the Solicitation Act, as amended, supra, and accordingly, exempt from compliance with the requirements of that act.

With your request for advice, you submitted a copy of the constitution and bylaws of the organization, and a blank form of application for membership therein.

It appears that the organization has not furnished you with a copy of its charter, although several times requested by you to do so.

American War Mothers was incorporated by the Act of February 24, 1925, c. 303, 43 Stat. at L. 966, sec. 1, 36 U. S. C. §91, which provides, in part, as follows:

"The following-named persons, . . . and their associates and successors duly chosen are hereby incorporated and declared to be a body corporate of the District of Columbia by the name of American War Mothers, and by such name shall be known and have

perpetual succession with the powers, limitations, and restrictions herein contained."

The nature of the organization appears from section 2 of the Act of 1925, supra, 36 U. S. C. §92, which is, in part, as follows:

"The persons named . . . and such other persons as may be selected from among the membership of American War Mothers, *an association of women whose sons and daughters served the allied cause in the great World War* . . . are hereby authorized to meet . . ." (Italics supplied.)

In the constitution, a copy of which accompanied your request, the "objects" of the organization are stated, in article II thereof, as follows:

". . . the object of the corporation shall be to keep alive and develop the spirit that prompted world service; to maintain the ties of fellowship born of that service and to assist and further any patriotic work; to inculcate a sense of individual obligation to the community, State, and Nation; to work for the welfare of the Army and Navy; to assist in any way in their power men and women who served and were wounded or incapacitated in the World War; to foster and promote friendship and understanding between America and the Allies in the World War."

The foregoing language follows that of section 3 of the Act of 1925, supra, 36 U. S. C. §93.

Membership in the organization is limited by article VI of the constitution as follows:

" '. . . the membership of American War Mothers is limited to women, and no woman shall be and become a member of this corporation unless she is a citizen of the United States and unless her son or sons or daughter or daughters of her blood served in the Army or Navy of the United States, or in the military or naval service of its allies, in the great World War of 1917-1918, at some time during the

period between April 6, 1917, and November 11, 1918, or in the present World War which commenced in the year 1941, and at some time on and after December 7, 1941, and until the termination of said war, having an honorable discharge from such service, or who is still in the service.' "

The foregoing language follows section 7, as amended, of the Act of 1925, supra, 36 U. S. C. §97.

In order to determine whether the American War Mothers is a war veterans' organization, consideration must be given to the word, "veteran," which requires little definition, and has been simply defined in Webster's Collegiate Dictionary, fifth edition, at page 1116, as follows:

"One long exercised in any service or art, esp. in war; one who has had much experience in service or who has seen specific service; as Napoleon's veterans."

A typical definition of the word, "veteran," as used in Pennsylvania statutes, is found in the Act of May 17, 1933, P. L. 803, sec. 1, 35 PS §257, relating to veterans' hospitals and is as follows:

". . . within the meaning of this act, 'veteran' shall mean *any ex-service man or woman*, having a legal residence in this Commonwealth, who has been honorably discharged from any branch of the military or naval forces of the United States, and ex-members of the army nurse corps (female), ex-members of the navy nurse corps (female), and women who were transported from the United States by the United States Government to serve in base hospitals overseas, and whose service with the United States Government terminated honorably, whether by discharge or otherwise." (Italics supplied.)

The foregoing definitions of the word, "veteran," render unnecessary any extended resort to rules of construction or interpretation of statutes.

"Words and phrases shall be construed . . . according to their common and approved usage; . . .": The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 33, 46 PS §533.

"When a statute is free from ambiguity as enacted, there is no occasion for resorting to rules for statutory interpretation." Narcise v. Board of Trustees, Eastern State Penitentiary, 137 Pa. Superior Ct. 394, 1940: 46 PS §551 n. 1.

As illustrative of what is meant by "war veterans' organization", the Act of June 26, 1939, P. L. 1105, sec. 1, 46 PS §465, authorizing the publishing of a pamphlet containing a compilation of the laws of Pennsylvania relating to soldiers, sailors, marines, their dependents, and war veteran organizations, enumerated the following:

". . . the Veterans of Foreign Wars of the United States, the American Legion, the United States Spanish War Veterans, the Grand Army of the Republic, and the Disabled Veterans of the World War."

This act clearly differentiated between dependents of service men and war veteran organizations.

The scope of the foregoing act was extended by the Act of July 5, 1947, P. L. 1342, sec. 1, 46 PS §465 (note), which authorized the publication of a revised pamphlet containing a compilation of the laws of Pennsylvania relating to war veterans to be made available to the Veterans of Foreign Wars of the United States, the American Legion, the United States Spanish War Veterans, the Grand Army of the Republic, the Disabled Veterans of the World War, the American Veterans of World War II (AMVETS) and the Marine Corps League.

As used in the Veterans' Compensation Act of January 5, 1934, 1933, Spec. Sess. P. L. 223, sec. 2, as amended, 51 PS §443—2:

". . . the word 'veteran' includes any individual, a member of the military or naval forces of the United States . . ."

You call our attention to the provisions of section 1 of the Act of April 25, 1945, P. L. 300, amending The Penal Code of June 24, 1939, P. L. 872, sec. 892, 18 PS §4892, so as to protect the sale of the American War Mothers' carnation, by adding to that section of The Penal Code the words, "American War Mothers' carnation," and the words, "American War Mothers," to the enumerations of the groups of organizations therein named.

The purpose of this amendment to The Penal Code was merely to permit and protect the sale of the American War Mothers' carnation and, therefore, is not determinative of the issue involved in your request for advice.

By the Act of June 25, 1947, P. L. 969, sections 889 and 891 of The Penal Code, supra, 18 PS §§4889 and 4891, respectively, prohibiting the illegal wearing of military insignia, and military uniforms, were amended by adding, "the American Veterans of World War II (A.M.V.E.T.S.), or the Marine Corps League," to the list of veterans' organizations therein enumerated, which in section 889, as amended, supra, is as follows:

". . . the Loyal Legion of the United States, or the Grand Army of the Republic, or the Union Veteran Legion, or the Order Sons of Veterans, or the Spanish-American War Veterans, or the Society of Spanish-American or Philippine Wars, or the American Legion, or the Veterans of Foreign Wars of the United States, or the Disabled American Veterans of the World War, or the American Veterans of World War II (A.M.V.E.T.S.), or the Marine Corps League, . . ."

The enumeration of such organizations, contained in section 891, as amended, supra, is as follows:

"The Grand Army of the Republic, the United Spanish War Veterans, the Veterans of Foreign Wars of the United States, the American Legion, or the Disabled American Veterans of the World War, or the American Veterans of World War II (A.M.V.E.T.S.), or the Marine Corps League, . . ."

In neither of said sections is the American War Mothers mentioned; from the foregoing language, it is clear that the General Assembly did not intend to classify the American War Mothers as a war veterans' organization, no doubt fully realizing that it could not, by legislative fiat, endow a patriotic women's organization with the attributes of a war veterans' organization.

If the legislature had intended that result, it could have manifested its intent in clear and unmistakable language.

And if the organizations of mothers of persons who served in the Army or Navy of the United States, or in the military or naval service of its allies, are war veterans' organizations, then why not organizations of wives and sisters and others of such persons?

Perhaps the most that can be said concerning the nature of the organization is that it constitutes a group of servicemen's kin similar to numerous other organizations, among them the following: Navy Mothers Clubs, Army Mothers Club of America, Gold Star Mothers, American Gold Star Mothers, American Gold Star Sisters, and Gold Star Wives of America.

If organizations composed of veterans' mothers, wives, sisters or others were to be considered war veterans' organizations, it would lead to hopeless confusion in the interpretation of the numerous statutes relating to veterans' rights, privileges, preferences, etc.

Examination of the material you have submitted is not convincing that American War Mothers is a war

veterans' organization, within the meaning of section 11 of the Solicitation Act, as amended, supra.

We are of the opinion, therefore, and you are accordingly advised that the American War Mothers is not exempt, as a war veterans' organization, from compliance with the provisions of the Solicitation Act of May 13, 1925, P. L. 644, as amended, 10 PS §141, et seq., and therefore, it is required to obtain a certificate of registration from the Department of Welfare before soliciting money or other property for the purposes enumerated in the act.